## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-10294-JLT |
| STONECLEAVE VILLAGE ASSOCIATION, INC.; PROPERTY MANAGEMENT OF ANDOVER, INC.; and ELAINE ROMANO, | ) |
| Defendants. | ) |

## CONSENT ORDER

### A. Factual and Procedural Background

1.     The United States initiated this action to enforce the provisions of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. The United States alleges that Defendant Stonecleave Village Association, Inc. (the "Association"), the governing body of Stonecleave Village Condominiums, a complex of seventy-eight independently owned townhouses located at 20 Washington Street in Methuen, Massachusetts, has unlawfully discriminated on the basis of familial status in the selective enforcement of its rules regarding the use of the common areas.

2.     Specifically, the United States alleges that the Association has engaged in housing practices that discriminate on the basis of familial status by:

> a.     Fining and charging attorney's fees to residents with children because their children engaged in recreational activities on the outdoor common areas, even though playing on the common areas does not violate the Association's rules, and adults who were in violation of the Association's

rules were not fined; and

    b.    Charging $1,000 to a resident who filed a complaint of discrimination with the Massachusetts Commission Against Discrimination to cover the costs of hiring an attorney to respond to her complaint.

3.    The United States alleges that, through this conduct, the Association has:

    a.    Violated 42 U.S.C. § 3604(b) by discriminating against parents and their children in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith because of familial status;

    b.    Violated 42 U.S.C. § 3617 by coercing, intimidating, threatening, or interfering with the exercise or enjoyment of fair housing rights by residents with children; and

    c.    Violated 42 U.S.C. § 3614(a) by engaging in a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, and/or denying fair housing rights to a group of persons, raising an issue of general public importance.

4.    The defendant denies the United States' allegations.

5.    The parties have voluntarily agreed to the entry of this Consent Order in connection with the settlement of this lawsuit, as indicated by the signatures below. This Consent Order shall not be deemed an admission of wrongdoing or liability by the Defendant.

**Therefore, it is ORDERED that:**

## B. Injunction

6.      Defendant, its agents, employees, successors, and all persons in active concert or participation with it, are hereby enjoined, with respect to the enforcement of the Association's rules, from:

> a.      Discriminating in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status;
>
> b.      Enforcing the Association's rules on the basis of familial status in a manner that prevents, discourages, or penalizes families with children from using the common areas for play or recreation; and
>
> c.      Coercing, intimidating, threatening, interfering with, or retaliating against any person in connection with the exercise or enjoyment of any right granted or protected by the Fair Housing Act.

## C. Escalation Policy and Processing Complaints

7.      Effective upon the entry of this Order by the Court, the Association shall adopt and abide by the "path of escalation" policy, as set forth in Exhibit A, regarding violations of its rules.

## D. Mandatory Training

8.      Within 60 days of the entry of this Consent Order, the current Board of Directors of the Association shall undergo in-person training on the Fair Housing Act, with specific emphasis on discrimination on the basis of familial status. The training shall be conducted by an independent, qualified third party, approved in advance by the United States. The trainer shall

-3-

provide the Board of Directors of the Association with certifications of attendance that shall include the name of the course, the date the course was taken, and the length of the course.

## E. Reporting Requirements

9. During the period in which this Order is in effect, Defendant shall notify counsel for the United States[1] in writing within fifteen (15) days of receipt of any written complaint against Defendant or Defendant's officers regarding familial status discrimination in housing. Defendant shall provide a copy of the written complaint with the notification. The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number, if known. Defendant shall also inform the United States within fifteen (15) days of any resolution of such complaint.

## F. Settlement Payment

10. Within 30 days after entry of this Consent Order, Defendant shall cause to be paid the total sum of one hundred and fifty thousand dollars ($150,000) to Plaintiff. The United States will be responsible for using this settlement payment to compensate the aggrieved persons listed in Exhibit B in the manner and amounts listed in Exhibit B. The remaining twenty thousand dollars ($20,000) will remain with the United States as a settlement payment pursuant to 42 U.S.C. § 3614(d)(1)(C). The parties agree that no monies shall be paid pursuant to this paragraph before the aggrieved persons listed in Exhibit B have each executed a written release regarding the claims asserted in this lawsuit. A copy of the Release is attached as Exhibit C.

---

[1] All documents or other communications required by this Order to be sent to counsel for the United States shall be addressed as follows: Jennifer A. Serafyn, Assistant United States Attorney, Civil Division, Moakley Federal Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

## G. Scope and Duration of Consent Order

11.     The provisions of this Consent Order shall apply to Defendant, its employees,

agents, successors, and all persons acting in active concert or participation with it.

12.     This Consent Order is effective immediately upon its entry by the Court and shall

remain in effect for two years.

13.     The Court shall retain jurisdiction for the duration of this Order to enforce the

terms of the Order, after which time the case shall be dismissed with prejudice.

14.     All parties shall be responsible for their own attorney's fees and court costs,

except as provided for in Section H below.

## H. Remedies for Non-Compliance, Time for Performance, and Modifications

15.     The United States may move the Court to extend the period in which this Order is

in effect if Defendant materially violates one or more terms of the Order. In the event the United

States so moves, it will provide Defendant with notice of its intentions and an opportunity to

respond.

16.     Any time limits for performance imposed by this Order may be extended by

mutual written agreement of the parties.

17.     The parties to this Order shall endeavor in good faith to resolve informally any

differences regarding interpretation of and compliance with this Order prior to bringing such

matters to the Court for resolution. In the event the United States contends there has been a

failure by Defendant to perform in a timely manner any act required by this Order or otherwise

to comply with any provision thereof, the United States may move this Court to impose any

remedy authorized by law or equity, including, but not limited to, an order requiring

performance of such act or deeming such act to have been performed, and an award of any

damages, costs, and attorney's fees which may been occasioned by Defendant's violation or

failure to perform.

18.    Each party to this Consent Order shall bear its own costs and attorney's fees

associated with this litigation.

**IT IS SO ORDERED:**

This ⟋ day of ⟍𝒟ℯℯ 2010.

JOSEPH L. TAURO
United States District Judge

-6-

By their signatures below, the parties consent to the entry of this Consent Order.

**For the United States:**

CARMEN M. ORTIZ
United States Attorney
District of Massachusetts

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

JENNIFER A. SERAFYN
Assistant United States Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100 (telephone)
(617) 748-3969 (fax)
jennifer.serafyn@usdoj.gov

STEVEN H. ROSENBAUM
Chief
ELIZABETH A. SINGER
Director, U.S. Attorney's Fair Housing
Program
Housing & Civil Enforcement Section
   Civil Rights Division
U.S. Department of Justice
950 Penn. Ave., NW – NWB
Washington, DC 20530
(202) 514-6164 (telephone)
(202) 514-1116 (fax)
Elizabeth.Singer@usdoj.gov

**For the Defendant:**

JAMES J. DUANE, III
JOSHUA B. WALLS
Taylor Duane Barton & Gilman LLP
Boston Office
160 Federal Street
Boston, MA 02110
P: 617.654.8200 (phone)
F: 617.482.5350 (fax)
jwalls@taylorduane.com